# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Penny Wright
330 West Gay Street
York, PA 17401

v.

Springettsbury Township
Police Department
1501 Mt. Zion Road
York, PA 17402

and

Springettsbury Township
1501 Mt. Zion Road
York, PA 17402

and

Springettsbury Township Chief
of Police, David C. Eshbach
in both his individual and official capacity
c/o/ Springettsbury Township
Police Department
1501 Mt. Zion Road
York, PA 17402

and

Springettsbury Township Police
Officer Cpl. Brian Alu
in both his individual and official capacity
c/o Springettsbury Township
Police Department
1501 Mt. Zion Road
York, PA 17402

and

Springettsbury Township Police
Officer Sgt. Brian Wilbur
in both his individual and official capacity
c/o Springettsbury Township
Police Department
1501 Mt. Zion Road
York, PA 17402

and

**Springettsbury Township Police :**
**Officer Gregory Hadfield :**
**in both his individual and official capacity :**
**c/o Springettsbury Township :**
**Police Department :**
**1501 Mt. Zion Road :**
**York, PA 17402 :**
**and :**
**:**
**Springettsbury Township Police :**
**Officer Keith Browning :**
**in both his individual and official capacity :**
**c/o Springettsbury Township :**
**Police Department :**
**1501 Mt. Zion Road :**
**York, PA 17402 :**
**and :**
**:**
**Springettsbury Township Police :**
**Officer Christopher Ford :**
**in both his individual and official capacity :**
**c/o Springettsbury Township :**
**Police Department :**
**1501 Mt. Zion Road :**
**York, PA 17402 :**

**CIVIL ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, Penny Wright, by her attorneys, James D. Famiglio, Esquire and Stuart A. Carpey, Esquire, say by way of Complaint against all Defendants as follows:

1. This is an action for money damages against the following for violation of Plaintiff's constitutional rights: Springettsbury Township Police Department; Springettsbury Township; Springettsbury Township Chief of Police, David C. Eshbach ("Chief of Police Eshbach); Springettsbury Township Police Cpl. Brian Alu ("Cpl. Alu"); Springettsbury Township Police Sgt. Brian Wilbur ("Sgt. Wilbur"); Springettsbury Township Police Officer Gregory Hadfield ("Officer Hadfield"); Springettsbury Township Police Officer Keith Browning ("Officer Browning"); and, Springettsbury Township Police

Officer Christopher Ford ("Officer Ford").

2. Police Chief Eshbach, Sgt. Wilbur, Cpl. Alu, Officer Hadfield, Officer Browning and Officer Ford (hereinafter collectively referred to as "Defendant Law Enforcement Officers") are all sued in both their individual and official capacity.

3. Plaintiff Wright alleges that one or more of the Defendant Law Enforcement Officers, with reckless disregard for Plaintiff Wright's safety, unlawfully arrested, imprisoned and used excessive force by grabbing Plaintiff Wright and forcing her to fall down a hill on January 1, 2008 at approximately 10:30 a.m. The actions of one or more of the Defendant Law Enforcement Officers were without legal justification and were in violation of Plaintiff Wright's rights under the laws and Constitution of the United States, and in particular, the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983 and her rights under the Constitution and laws of the Commonwealth of Pennsylvania. By assaulting Plaintiff Wright as aforesaid, one or more of the above-named Defendant Law Enforcement Officers directly violated the laws of the Commonwealth of Pennsylvania regarding the excessive use of force.

4. Plaintiff Wright alleges that Defendants Springettsbury Township Police Department, Springettsbury Township and Police Chief Eshbach failed to provide training and supervision concerning the rights of citizens, the probable cause needed for arrest, and the lawful use of force by police officers amounting to gross negligence and a reckless and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania including the Plaintiff.

5. Further, Defendants Springettsbury Township Police Department, Springettsbury Township and Police Chief Eshbach are directly liable and responsible for the acts of the Defendant Law Enforcement Officers because the Defendant Law Enforcement Officers repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania and relevant state or departmental regulations pertaining to the use of force by police officers and pertaining to the need for probable cause for an arrest, thereby creating within the Springettsbury Township Police Department an atmosphere of lawlessness in which police officers employed excessive

and illegal force and violence and arrested Plaintiff Penny Wright without probable cause in the belief that such acts would be condoned and justified by their superiors.

6. Plaintiff filed the within Civil Action Complaint and requests judgment against the Defendants jointly, severally and, in the alternative, in sum in excess of $200,000, plus punitive damages, interest, costs and attorneys' fees, pursuant to 42 U.S.C. §1988 and damages for delay.

## Jurisdiction and Venue

7. This action is brought pursuant to 42 U.S.C. §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the aforementioned statutory and constitutional provisions.

8. Plaintiff further invokes this Court's pendent jurisdiction to consider claims arising under state law.

9. The actions herein complained of occurred in the Middle District of Pennsylvania wherein, upon reasonable belief, all parties reside, govern and operate. Venue in this Court is invoked under 28 U.S.C. §§1391(b), 1331 and 1341(1), (3) and (4).

## Parties

10. Plaintiff Penny Wright is, and at all material times, an adult individual and citizen of the United States, and resides at 330 West Gay Street, York, Pennsylvania, 17401.

11. Upon information and belief, Defendant Springettsbury Township Police Department is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and is located at 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Springettsbury Township Police Department employed some or all the Defendant Law Enforcement Officers and was responsible for their training supervision and discipline.

12. Upon information and belief, Defendant Springettsbury Township is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and is located at 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Springettsbury Township employed some or all the Defendant Law Enforcement Officers and was responsible for their training supervision and discipline.

13. Upon information and belief, Springettsbury Township Chief of Police David C. Eshbach is, and at all times relevant to this Complaint was, the duly appointed and acting Police Chief of the Springettsbury Township Police Department with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Police Chief Eshbach was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

14. Upon information and belief, Defendant Springettsbury Township Police Cpl. Brian Alu is, and at all times relevant to this Complaint was, a police officer with the Springettsbury Township Police department, with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Cpl. Alu was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

15. Upon information and belief, Defendant Springettsbury Township Police Sgt. Brian Wilbur is, and at all times relevant to this Complaint was, a police officer with the Springettsbury Township Police department, with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Sgt. Wilbur was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

16. Upon information and belief, Defendant Springettsbury Township Police Officer Gregory Hadfield is, and at all times relevant to this Complaint was, a police officer with the Springettsbury Township Police department, with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Police Officer Hadfield was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

17. Upon information and belief, Defendant Springettsbury Township Police Officer Keith Browning is, and at all times relevant to this Complaint was, a police officer with the Springettsbury Township Police department, with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Police Officer Browning was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

18. Upon information and belief, Defendant Springettsbury Township Police Officer Christopher Ford is, and at all times relevant to this Complaint was, a police officer with the Springettsbury Township Police department, with a business address of 1501 Mt. Zion Road, York, Pennsylvania, 17402, in the County of York. At all times relevant, Defendant Police Officer Ford was acting in his capacity as agent, servant and employee of Defendant Springettsbury Township and of Defendant Springettsbury Township Police Department. He is being sued individually and in his official capacity.

19. Defendants Springettsbury Township and Springettsbury Township Police Department, at all times relevant hereto, were vested with the responsibility of promulgating and implemented policy and procedure for the screening, hiring, training, supervising and disciplining of members of its police department including, but not limited to, Police Chief Eshbach, Defendants Cpl. Alu, Sgt. Wilbur, Police Officer Hadfield, Police Officer Browning and Police Officer Ford.

20. At all times relevant, Defendants acted under color of law and/or pretense of law. The Defendants engaged in illegal conduct or policies described hereinafter

which resulted in the injury to the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities described herein. At all times relevant, all Defendants were acting in concert and conspiracy, and their actions deprived Plaintiff Wright of her constitutional and statutory rights.

## Operative Facts

21. On January 1, 2008, at approximately 10:30 a.m., Plaintiff Wright traveled with her son, Shawn Markle to a property located at 3927 Ridgewood Road in Springettsbury Township, Pennsylvania ("property"). The purpose of the trip was to meet her son Derrick Markle at that location. Derrick Markle had earlier traveled to the property for the purpose of visiting his infant daughter. His daughter's mother was a resident at that property.

22. Defendants Sgt. Wilbur and Cpl. Alu arrived on the scene. When these Defendants arrived, Plaintiff Wright and Shawn Markle were standing alongside the driveway of the property.

23. Derrick Markle was handcuffed and placed in the rear of a police vehicle.

24. During this time, Plaintiff Wright was on her cell phone, speaking with her attorney. During her telephone call, Defendant Cpl. Alu, without probable cause or justification, grabbed Plaintiff Wright and attempted to force her right arm behind her back. Shawn Markle grabbed onto his mother, Plaintiff Wright. At this time, Defendant Sgt. Wilbur violently and aggressively grabbed Plaintiff Wright, forcibly throwing her down a hill alongside the driveway.

25. After Plaintiff Wright came to a stop after being thrown down the hill, Defendants Cpl. Alu, Sgt. Wilbur, Officer Hadfield, Officer Browning and Officer Ford continued to apply excessive and unnecessary force upon Plaintiff Wright. One of these Defendants placed his knees on the back of Plaintiff Wright's legs, while another Defendant pushed his knees into Plaintiff Wright's back, while another Defendant pushed his knees into Plaintiff Wright's shoulder and head, forcing her head into the mud. Plaintiff Wright was handcuffed. An ambulance was called to the scene.

26. From the scene of the incident, Plaintiff Wright was taken to the emergency room for treatment of her injuries which were caused by the above-described conduct of the Defendant Law Enforcement Officers. At the emergency room, Plaintiff Wright was diagnosed with an avulsion fracture of the superior endplate of the L4 vertebrae. Plaintiff Wright also sustained various cuts, bruises and strains and sprains throughout her body.

27. As a result of the above-described incident, Plaintiff filed a Complaint against the Defendant Law Enforcement Officers with the Springettsbury Township Police Department. Twenty-one days after the incident occurred, and thirteen days after Plaintiff filed her Complaint, Plaintiff was charged with misdemeanor criminal offenses relating to the incident.

28. As a direct and proximate result of the aforesaid actions of all Defendants, Plaintiff Wright suffered severe personal injuries, including, but not limited to, an avulsion fracture of the superior endplate of the L4 vertebrae, as well as pain in the lower back, pain into her legs, bruising to her back, humiliation, embarrassment, multiple contusions and abrasions of the body, severe pain and suffering and severe mental and emotional distress which has manifested itself physically.

29. As a direct and proximate result of the aforesaid actions of all Defendants, Plaintiff Wright was required to undergo medical care, take prescription medicines, and undergo various diagnostic studies.

30. As a direct and proximate result of the aforesaid actions of all Defendants, Plaintiff Wright has incurred various medical expenses in an effort to effect a cure for her injuries and is expected to expend additional money in the future, all to her great detriment and loss.

31. As a direct and proximate result of the aforesaid actions of all Defendants, Plaintiff Wright was, and may in the future, unable to engage in her usual daily activities and occupations, all to her great detriment and loss.

32. By injuring Plaintiff Wright through the use of excessive force, the Defendant Law Enforcement Officers violated the laws of the Commonwealth of Pennsylvania regarding the use of force.

33. The Defendant Law Enforcement Officers arrested and injured Plaintiff Wright without probable cause, just and legal cause, and with reckless indifference to the safety of the Plaintiff, thereby violating Plaintiff Wright's rights under the laws and Constitution of the United States, in particular, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution and Plaintiff Wright's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

34. As a direct and proximate result of the above described unlawful, reckless, indifferent, arbitrary, intentional and malicious acts of Defendant Law Enforcement Officers, all committed under the color of the Defendant Law Enforcement Officers authority as Springettsbury Township Police Officers, and while acting in that capacity, Plaintiff Wright suffered great bodily harm, all of which is in violation of her rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

35. Plaintiff Wright was a victim of summary punishment at the hands of the Defendant Law Enforcement Officers. The punishment administered was grossly disproportionate to whatever Plaintiff Wright's acts may have been and it constituted cruel and unusual punishment, and deprived her of her right to due process of law under the laws and Constitution of the United States. The infliction of injury upon Plaintiff Wright by the Defendant Law Enforcement Officers was unwarranted, cruel, arbitrary, indifferent, reckless, inhumane, unjustifiable and excessive.

36. As a further result direct and proximate result of the above-described acts, Plaintiff Wright was deprived of the rights and immunities secured to her under the Constitution and laws of the United States and the Commonwealth of Pennsylvania to be secure in her person and to be free from punishment without due process.

37. The Defendant Law Enforcement Officers subjected Plaintiff Wright to these deprivations of her rights either maliciously, indifferently, arbitrarily or by acting with reckless disregard for whether Plaintiff Wright's rights would be violated by these actions.

38. The injuries sustained by Plaintiff Wright were due to the intentional and reckless acts of the Defendants.

39. By arresting Plaintiff Wright without probable cause and taking her into custody without probable cause, the Defendant Law Enforcement Officers violated the laws of the Commonwealth of Pennsylvania.

40. By arresting Plaintiff Wright without probable cause and without just and legal cause and by taking Plaintiff Wright into custody without probable cause and without just and legal cause, the Defendant Law Enforcement Officers violated Plaintiff Wright's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. They also violated Plaintiff Wright's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

41. The above-described outrageous and egregious acts of the Defendant Law Enforcement Officers, all committed under color of the Defendant Law Enforcement Officers' authority as Springettsbury Township police officers and while acting in that capacity, deprived Plaintiff Wright of her rights, privileges and immunities granted to her as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived Plaintiff Wright of rights guaranteed to her by the Fourth and Fourteenth Amendments of the Constitution of the United States.

42. As a direct and proximate result of the acts of the Defendant Law Enforcement Officers toward Plaintiff Wright, Plaintiff Wright was subjected to extreme fright and shock, embarrassment, humiliation and has suffered from mental anguish, nervousness, shame, loss of enjoyment of life, anxiety, and a loss of feeling of well-being and security.

## Custom Policy and Practice

43. The averments of paragraphs 1 through 42 above are incorporated as though fully set forth herein.

44. It has been a longstanding official policy, practice and/or custom of Defendants Springettsbury Township, Springettsbury Township Police Department, and Police Chief Eshbach, of being deliberately indifferent toward the needs to properly screen, hire, train, supervise and discipline their police officers when said Defendants knew of the pattern of their police officers violating the constitutional and statutory rights of individuals, and as a direct and proximate result of said indifference, Plaintiff Wright's constitutional and civil rights were violated as stated herein.

45. Defendants Springettsbury Township, Springettsbury Township Police Department, and Police Chief Eshbach have a longstanding custom and/or official policy and practice of permitting and encouraging their respective police officers to use illegal and unconstitutional tactics, by training their police officers to use dominance in confrontation situations and by failing to institute disciplinary procedures to prevent the use of these tactics.

46. Defendants Springettsbury Township, Springettsbury Township Police Department, and Police Chief Eshbach have a longstanding custom and/or official policy and practice of permitting and encouraging police misconduct by failing to review their respective police departments' training and disciplinary measures.

47. The known lack of an investigation to be conducted and the lack of possibility of disciplinary action against any offending police officers in the Springettsbury Township Police Department establishes a de facto policy which condones and encourages the complained of conduct.

48. Defendants Springettsbury Township, Springettsbury Township Police Department, and Police Chief Eshbach set and maintain policies which encourage or condone misconduct against citizens.

49. The execution of these official policies and customs by Defendants Springettsbury Township, Springettsbury Township Police Department, and Police Chief Eshbach was the direct and proximate cause of the injuries and damages suffered by Plaintiff.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983

### Plaintiff Penny Wright v. Defendants Cpl. Brian Alu, Sgt. Brian Wilbur, Officer Gregory Hadfield, Officer Keith Browning and Officer Christopher Ford

50. Plaintiff incorporates paragraphs 1 through 49 above as though fully set forth herein at length.

51. Plaintiff Wright was deprived of rights, privileges and immunities secured by the United States Constitution and laws of the United States due to the above-described conduct of the Defendants acting under color of state law.

52. The violation of Plaintiff Wright's constitutional rights by the Defendant Law Enforcement Officers, acting under color of law, individually, and through their conspiracy with one another, was in accordance with the customs, official policies and practices of Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach.

53. The Defendants violated the constitutional rights of Plaintiff Wright by the following acts:

a) Subjecting Plaintiff Wright to unlawful and excessive force which caused severe injuries;

b) Falsely arresting Plaintiff Wright;

c) Falsely imprisoning Plaintiff wright.

54. Defendants' conduct, as set forth above, constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

55. In addition, such conduct constituted a deprivation of Plaintiff Wright's Due Process rights under the Fourteenth Amendment to the United States Constitution.

56. The above-described acts of the Defendants, acting separately and in concert, were committed with malice and extreme indifference to the rights and privileges of Plaintiff Wright as described herein.

57. As a result of Defendants' violation of Plaintiff Wright's constitutional rights under the Fourth and Fourteenth Amendments and statutory rights pursuant to 42 U.S.C. §1983, Plaintiff Wright suffered substantial injuries and damages as set forth above.

WHEREFORE, Plaintiff Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983

### Plaintiff Penny Wright v. Springettsbury Township, Springettsbury Township Police Department and Police Chief David C. Eshbach

58. Plaintiff incorporates paragraphs 1 though 57 above as though fully set forth herein at length.

59. Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force and police arrest powers in that:

a) Said Defendants failed to discipline or prosecute or in any manner deal with known incidents of abusive police arrest powers and improper use of force by officers;

b) Said Defendants refused to investigate complaints of previous incidents of abuse of police arrest powers and improper use of force by police officers and instead officially claimed that such incidents were justified and proper; and,

c) By means of both inaction and cover up of such abusive of police arrest powers and excessive use of force by officers, said Defendants encouraged police officers, including the Defendant Law Enforcement Officers, to believe that such abuse of police arrest powers and improper use of force was permissible.

60. Said Defendants have maintained either an inadequate system or no system of review of the use of force and arrest powers by police officers, which results in the

failure to identify instances of improper use of force and the proper use of police arrest powers, or failure to discipline, closely supervise or retrain police officers who improperly arrest citizens and improperly use force. Upon information and belief, the system deficiencies include, but are not limited to:

a) Preparation of investigative reports designed to vindicate the use of force and the arrest of citizens regardless of whether such actions were justified;

b) Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically failed to credit testimony by non-police officer witnesses;

c) Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

d) Issuance of statements exonerating officers involved in such incidents prior to the inclusion of investigation; and,

e) Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance for conclusions which are unwarranted by the evidence or which contradict such evidence.

61. Upon information and belief, Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach also maintain a system of grossly inadequate training pertaining to the law of permissible use of force and the use of arrest powers.

62. Said Defendants failed to promulgate and enforce a policy relating to the use of force and arrest powers which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police officers, including the Defendant Law Enforcement Officers, to violate the rights of citizens such as Plaintiff Wright.

63. Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach failed to properly sanction or discipline officers

who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including the Defendant Law Enforcement Officers, to violate the rights of citizens such as Plaintiff Wright.

64. Said Defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like Plaintiff Wright, established a system which fails to identify, track or report instances of improper use of force and improper use of arrest powers which is used by said Defendants to conceal the extent to which police officers engage in improper and excess use of force and improper use of arrest powers.

65. The foregoing acts, omissions and systematic deficiencies of policies, practices and customs of Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach have caused the Defendant Law Enforcement Officers to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that the excessive use of force against citizens and arresting citizens without just cause or probable cause, is a proper police practice entirely within the discretion of the officer, and that excessive use of force and abuse of arrest powers resulting in injuries would not be honestly and properly investigated, all with the foreseeable result that officers, including the Defendant Law Enforcement Officers, are more likely to engage in excessive use of force and abusing arrest powers in situations where such action is not necessary, reasonable or legal.

66. At no time, either prior to employment of the Defendant Law Enforcement Officers, or after assignment to duty whereby it was foreseeable that the Defendant Law Enforcement Officers would be required to use force, did Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach take reasonable steps to ascertain whether the Defendant Law Enforcement Officers were emotionally capable of performing such police duties and did not have a propensity toward violence or overreaction in situations they were likely to encounter, or administer

well-known standard tests to ascertain the Defendant Law Enforcement Officers' propensity toward violence.

67. Said Defendants, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Springettsbury Township Police Department officers, including the Defendant Law Enforcement Officers, concerning the rights of citizens, particularly under the Fourth and Fourteenth Amendments of the United States Constitution, thereby causing the Defendant Law Enforcement Officers in this case to engage in the unlawful conduct as described above.

68. Said Defendants as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct Springettsbury Township Police Department officers, including the Defendant Law Enforcement Officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers. The policy and practice of Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach thereby causes and encourages officers, including the Defendant Law Enforcement Officers, to engage in unlawful conduct which violates Plaintiff Wright's Fourth and Fourteenth Amendment rights and other rights under the United States Constitution.

69. Said defendants are directly liable for their own acts and omissions, specifically with regard to the failure to train and with regard to the promulgation of violations of Plaintiff Wright's Constitutional rights, including Fourth and Fourteenth Amendment rights,, through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

70. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of Defendants Springettsbury Township, Springettsbury Township Police Department and Police Chief Eshbach, the Defendant Law Enforcement Officers violated Plaintiff Wright's Constitutional rights, including Fourth and Fourteenth Amendment rights and improperly engaged the use of excessive

force and improperly arresting Plaintiff Wright, thereby causing several personal injuries, more specifically set forth above.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

## COUNT III
## ASSAULT AND BATTERY

### Plaintiff Penny Wright v. All Defendants

71. Plaintiff incorporates paragraphs 1 through 70 above as though fully set forth herein at length.

72. At all times relevant, all Defendants, including the Defendant Law Enforcement Officers, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly commit an assault and battery upon Plaintiff Wright.

73. As a result of all Defendants' conduct, Plaintiff Wright suffered and continues to suffer physical injuries, pain and suffering, including, but not limited to, a fracture of the L-4 superior endplate; she sustained various bruises, contusions and soft tissue injuries; emotional distress and mental anguish.

74. The actions of all Defendants exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

75. The acts of Defendants, alleged in the preceding paragraphs, committed without provocation, justification, or privilege, constitute the torts of assault and battery upon Plaintiff Wright.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is

entitled.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Plaintiff Penny Wright v. All Defendants**

76. Plaintiff incorporates paragraphs 1 through 75 above as though fully set forth herein at length.

77. Defendants, by their extreme and outrageous conduct described above, intentionally or recklessly caused Plaintiff Wright to suffer severe emotional distress which has manifested itself physically, mental anguish, embarrassment, humiliation, pain and suffering, loss of enjoyment of life, and bodily harm as described above.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

**COUNT V**
**IN THE ALTERNATIVE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**Plaintiff Penny Wright v. All Defendants**

78. Plaintiff incorporates paragraphs 1 through 77 above as though fully set forth herein at length.

79. Defendants, by their conduct described above, acted negligently, causing Plaintiff Wright to suffer severe emotional distress which has manifested itself physically, mental anguish, embarrassment, humiliation, pain and suffering, loss of enjoyment of life, and bodily harm as described above.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

**COUNT VI**
**VIOLATION OF THE CONSTITUTION**
**OF THE COMMONWEALTH OF PENNSYLVANIA**

**Plaintiff Penny Wright v. All Defendants**

80. Plaintiff incorporates paragraphs 1 through 79 above as though fully set forth herein at length.

81. The acts of the Defendants alleged in the preceding paragraphs deprived Plaintiff Wright of her rights, privileges, and immunities under the laws of the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in her person and property, to be free from excessive punishment, and the right to due process secured to her by Article I, Sections I, VIII, IX, XIII and XXVI of the Pennsylvania Constitution and resulted in the injuries and damages more specifically described above.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

**COUNT VII**
**UNLAWFUL ARREST/FALSE ARREST**

**Plaintiff Penny Wright v. All Defendants**

82. Plaintiff incorporates paragraphs 1 through 81 above as though fully set forth herein at length.

83. At the date and time described above, the Defendants, individually and in concert with each other, unlawfully arrested Plaintiff Wright without a warrant, without legal process, and without probable cause, and took Plaintiff Wright into custody pursuant to such unlawful arrest.

84. Defendants had no probable cause or reasonable cause for believing Plaintiff Wright had committed any such offense which warranted or justified an arrest.

85. The acts of Defendants in causing the false arrest were willful, malicious, without probable cause, without provocation, and have caused all the physical injuries and damages described above. In addition, as a direct and proximate result of the unlawful arrest, Plaintiff Wright has suffered extreme emotional distress, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

**COUNT VIII**
**FALSE IMPRISONMENT**
**OF THE COMMONWEALTH OF PENNSYLVANIA**

**Plaintiff Penny Wright v. All Defendants**

86. Plaintiff incorporates paragraphs 1 through 85 above as though fully set forth herein at length.

87. Defendants unlawfully, forcibly, and maliciously imprisoned and restrained and deprived Plaintiff Wright of her liberty against her will, without legal authority to do so.

88. A a direct and proximate result of Defendants' willful and malicious conduct toward Plaintiff Wright, Plaintiff Wright was unlawfully restrained, imprisoned and confined.

89. The detention and imprisonment of Plaintiff Wright was without adequate legal justification.

90. As a direct and proximate result of the unlawful detention and imprisonment of Plaintiff Wright, Plaintiff Wright has suffered extreme emotional distress, mental anguish, humiliation, embarrassment and other damages and injuries as set forth above.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

## COUNT IX
## CIVIL CONSPIRACY

### Plaintiff Penny Wright v. All Defendants

91. Plaintiff incorporates paragraphs 1 through 90 above as though fully set forth herein at length.

92. On or about January 1, 2008, all Defendants, acting in concert and conspiracy, committed acts against Plaintiff Wright including assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false arrest, false imprisonment, unlawful search and seizure, and violations of the Constitution of the Commonwealth of Pennsylvania. Thereafter, the Defendant Law Enforcement Officers, each of them, made statements to the police, and to others or failed to disclose relevant information to same and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff Wright access to the courts and due process.

93. The conduct of the Defendant Law Enforcement Officers, each of them, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and the reckless disregard of the truth.

94. As a result of all Defendant Law Enforcement Officers' conduct, Plaintiff Wright suffered and continues to suffer physical injuries, pain and suffering, including, but not limited to, a fracture of the L-4 superior endplate, she sustained various bruises, contusions and soft tissue injuries, emotional distress, mental anguish, loss of reputation; scorn of the community and/or related financial losses.

95. The actions of all Defendant Law Enforcement Officers exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and

unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff Penny Wright demands judgment against the Defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay, and all other relief to which she is entitled.

**Jury Demand**

96. Plaintiff demands a Trial by jury as to all counts and all issues, as to each Defendant, raised by this Complaint.

Respectfully submitted,

Law Offices
JAMES D. FAMIGLIO, P.C.

By: ______________________

James D. Famiglio, Esquire
600 Williamsburg Drive
Broomall, PA 19008
610-359-9220
Attorney I.D. No. 51101
*Co-Counsel for Plaintiff*

Respectfully submitted,

KREITHEN, BARON & CARPEY, P.C.

By: ______________________

Stuart A. Carpey, Esquire
100 W. Elm Street, Suite 310
Conshohocken, PA 19428
610-834-6030
Attorney I.D. No. 49490
*Co-Counsel for Plaintiff*